IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HALA FARID,

    Plaintiff,

v.                                                CASE NO. 4:18cv566-RH-MAF

LOUIS DEJOY, in his official
capacity as POSTMASTER GENERAL,

    Defendant.

_____/

HALA FARID,

    Plaintiff,

v.                                                CASE NO. 4:19cv60-RH-MJF

LOUIS DEJOY, in his official
capacity as POSTMASTER GENERAL,

    Defendant.

_____/

**ORDER ALLOWING AMENDED COMPLAINTS**
**AND RESCINDING CONSOLIDATION**

        The plaintiff Hala Farid has filed four employment-discrimination actions

against the Postmaster General—the proper defendant in an action alleging

employment discrimination within the Postal Service. The first two actions were

Case No. 4:18cv566-RH-MAF and 4:19cv60-RH-MJF

dismissed long ago. The third and fourth actions are still pending and have been consolidated.

The Postmaster General has moved to dismiss. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 68, and the plaintiff's objections, ECF Nos. 71 and 73. I have reviewed the issues de novo. The issues include res judicata, claim-splitting, exhaustion of administrative remedies, and the effect of the order consolidating the actions.

## I. The Four Lawsuits

Ms. Farid began employment with the United States Postal Service in 2005 as a rural carrier. She began filing lawsuits in 2012. She has alleged discrimination based on national origin, race, and disability, as well as retaliation for complaining of such discrimination. Ms. Farid is white, and her national origin is Egyptian. She has alleged unspecified "conditions" with her back, head, neck, and shoulder that limit her ability to work, walk, stand, squat, and bend. She has asserted disability claims under the Americans with Disabilities Act and Rehabilitation Act of 1973.

Ms. Farid filed the first action, No. 4:12cv621, on December 3, 2012. This order sometimes refers to this as the 2012 action. The court granted summary judgment for the Postmaster General. Ms. Farid appealed. The Eleventh Circuit affirmed. *Farid v. Postmaster Gen.*, 625 F. App'x 449 (11th Cir. 2015).

Ms. Farid filed the second action, No. 4:17cv456, on October 11, 2017. This order sometimes refers to this as the 2017 action. The court dismissed the ADA claim based on sovereign immunity and alternatively for failure to exhaust administrative remedies. The court dismissed the other claims for failure to state a claim on which relief could be granted. Although these grounds ordinarily would result in dismissal with prejudice, the order announcing the decision and the resulting judgment explicitly provided that the dismissal was "without prejudice." Ms. Farid did not appeal.

Ms. Farid filed the third action, No. 4:18cv566, on December 10, 2018. This order sometimes refers to this as the 2018 action. The action is still pending; it is one of the consolidated actions now before the court. The operative pleading—the first amended complaint—alleges discriminatory acts during the period from 2007 to 2015.

Ms. Farid filed the fourth action, No. 4:19cv60, on January 28, 2019. This order sometimes refers to this as the 2019 action. The action is still pending; it is the other consolidated action now before the court. The operative complaint—the original complaint—alleges discriminatory acts during the period from 2007 to July 2018.

## II. Res Judicata

As relevant here, res judicata prevents a plaintiff from suing the same defendant again for a claim the plaintiff lost on the merits in a prior action. Ms. Farid lost the 2012 action on the merits. She asserted in that action—or could have asserted—any employment-discrimination claim she had as of the date when she filed that action, December 3, 2012. So any claim against the Postmaster General based on discrimination prior to that date is barred by res judicata. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (noting that res judicata applies when four prerequisites are satisfied, as they are here, and "the claim in the new suit was or could have been raised in the prior action").

It does not matter whether any new action is based on the same factual allegations or the same acts of discrimination as the 2012 action. Any claim of discrimination before December 3, 2012 could have been included in the 2012 action. End of story.

The same is not true, though, for the 2017 action. The judgment in the 2017 action was on the merits, but the judgment explicitly said it was "without prejudice." This is not a case in which the reference to dismissal "without

prejudice" was effectively amended on appeal, as in *Griffin v. Focus Brands Inc.*, 685 F. App'x 758 (11th Cir. 2017). Instead, as *Griffin* recognizes, an unamended dismissal without prejudice does not bar later claims. The 2017 action has no res judicata effect.

The bottom line: res judicata bars Ms. Farid from asserting claims based on discriminatory acts before December 3, 2012, but not claims based on later acts.

### III. Claim-Splitting

As relevant here, the rule against claim-splitting requires that when a plaintiff files an employment-discrimination action against her employer, she ordinarily must include in that same action all existing discrimination claims against the same employer. While that action is pending, the plaintiff cannot file another employment-discrimination action against the same employer based on acts that predated the filing of the earlier action, unless the acts are wholly unrelated. *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842 (11th Cir. 2017) (noting that improper claim-splitting occurs when "both lawsuits are related in time, origin, and motivation, and they form a convenient trial unit, thereby precluding [the plaintiff] from splitting her claims among the lawsuits.").

Ms. Farid's allegations all involve similar discrimination and thus are covered by the rule against claim-splitting. This means Ms. Farid cannot properly pursue in the 2019 action any claim based on discriminatory acts that occurred

before she filed that 2018 action—that is, that occurred before December 10, 2018. The complaint in the 2019 action does not allege any discriminatory acts on or after December 10, 2018, so the complaint fails to state a claim on which relief can be granted. This order dismisses the 2019 action but grants leave to amend to assert claims arising after December 10, 2018.

Ms. Farid should not amend the complaint in the 2019 action unless she can allege in good faith discrimination on or after December 10, 2018. And she should consider abandoning the 2019 action anyway; if she has a good-faith basis to allege discrimination on or after December 10, 2018, she can include the allegation in the second amended complaint she will have an opportunity to file in the 2018 action. It serves the interests of nobody, Ms. Farid included, to have two lawsuits when one would do.

### *IV. Consolidation*

The 2018 and 2019 actions were randomly assigned to the same district judge but to different magistrate judges. Under the district's standard procedure, this should have been handled by reassigning the 2019 action to the magistrate judge who had the 2018 action, but instead the magistrate judge in the 2019 action entered an order consolidating the actions.

At the time of the consolidation order, just as now, the operative pleadings were the first amended complaint in the 2018 action and the original complaint in

the 2019 action. The consolidation order provided that all further filings would be made in the docket of the 2018 action—apparently in the belief that the 2019 action would no longer exist as a separate action. And the magistrate judge in the 2018 action apparently shared that belief, ordering Ms. Farid to file a second amended complaint in the 2018 action including all the claims in both actions.

This was a misunderstanding of what it means to consolidate actions. Consolidated actions retain their separate identity. *See Hall v. Hall*, 138 S. Ct. 1118 (2018). There must be pleadings in each action. The original complaint in the 2019 action did not need to be amended just because the actions had been consolidated. And the complaint in the 2019 action could not properly be replaced with an amended complaint filed only in the 2018 action.

The goal of consolidating all the claims into a single action made good sense. Indeed, Ms. Farid should abandon the 2019 action and assert all her claims in the 2018 action. But the decision whether to abandon the 2019 action is Ms. Farid's, not the court's. The decision is Ms. Farid's, that is, unless she fails to allege facts sufficient to state a claim that is not barred by the rule against claim-splitting.

The consolidation order thus should not have required *every* filing to be made only in the 2018 action. The following filings, when applicable to the 2019 action, still should have been docketed in the 2019 action: any complaint (or

counterclaim or third-party complaint), answer, judgment, notice of appeal, or motion to amend or amended version of any of them. *Other* filings would properly have been filed in the consolidated 2018 docket.

As it turns out, no pleadings or other filings were docketed in the 2018 action that should have been docketed in the 2019 action. This order rescinds the consolidation order and requires the actions to be maintained separately going forward. This will better accommodate the required screening—Ms. Farid is proceeding pro se—and will allow service of process only if authorized. Absent waiver, service in the 2018 action was not sufficient to bring the Postmaster General into the 2019 action.

## V. Exhaustion

The report and recommendation correctly analyzes exhaustion and is adopted as the court's opinion on that issue.

## VI. Leave to Amend

Ms. Farid repeatedly disobeyed the magistrate judge's orders to file a second amended complaint in the 2018 action. An appropriate sanction, perhaps including dismissal, could be imposed. But this order gives Ms. Farid one more chance.

The first amended complaint in the 2018 action and the complaint in the 2019 action allege numerous discriminatory acts prior to December 3, 2012. As set out above, any claim based on those acts is barred by res judicata. The complaint in

Case No. 4:18cv566-RH-MAF and 4:19cv60-RH-MJF

the 2019 action also alleges numerous discriminatory acts prior to December 10, 2018. Any claim in the 2019 action based on those acts is barred by the rule against claim-splitting. This order thus dismisses the first amended complaint in the 2018 action and the complaint in the 2019 action.

This order grants leave to amend. **MS. FARID SHOULD NOTE WELL: SHE MUST AMEND BY THE DEADLINE ESTABLISHED BY THIS ORDER, OR BOTH ACTIONS WILL BE DISMISSED.** She has had too many second chances already. Another warning will not be given.

Any amended complaint must include only claims that comply with the rulings set out in this order. An amended complaint must not include claims that this order holds unfounded. And an amended complaint must not include facts that relate only to claims that this order holds unfounded. Ms. Farid thus may allege in the 2018 action only discriminatory acts that occurred on or after December 3, 2012, and she may allege in the 2019 action only discriminatory acts that occurred on or after December 10, 2018.

Ms. Farid's assertion that this order is incorrect is fully preserved for purposes of appeal. But the issues decided by this order have now been settled at this level. Any amended complaint must comply with this order.

The allegations in an amended complaint must be short and plain. Repetition does not help. Adjectives and conclusions do not help. Instead, any amended

complaint should focus on facts: what specific actions did the employer take based on national origin or race or retaliation for complaining of these things; were other employees treated differently with respect to actions of that specific type; and did the employer give reasons for the actions that were untrue?

### VII. Conclusion

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 68, is accepted in part and adopted as the court's opinion to the extent consistent with this order.

2. The consolidation order, ECF No. 23 in Case No. 4:18cv566 and ECF No. 13 in Case No. 4:19cv60, is vacated. Each of these actions will proceed separately, and the dockets will be maintained separately.

3. The cases will continue to be assigned to the same district judge. Case No. 4:18cv566 will continue to be assigned to Magistrate Judge Martin A. Fitzpatrick. The clerk must reassign Case No. 4:19cv60 to Judge Fitzpatrick.

4. The motion to dismiss, ECF No. 53, is granted in part.

5. The first amended complaint in Case No. 4:18cv566 is dismissed. Ms. Farid may file a second amended complaint by January 7, 2022. Any second amended complaint must not exceed 10 pages and must not include any attachments.

6. The complaint in Case No. 4:19cv60 is dismissed with leave to amend. Ms. Farid may file a first amended complaint by January 7, 2022. Any first amended complaint must not exceed 10 pages and must not include any attachments.

7. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 4, 2021.

s/Robert L. Hinkle<br>United States District Judge